24CA0705 Peo v Mikaelyan 04-17-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0705
Routt County District Court No. 22CR135
Honorable Stephen A. Groome, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Movses Mikaelyan,

Defendant-Appellant.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Suzan Trinh Almony, Alternate Defense Counsel, Broomfield, Colorado, for
Defendant-Appellant

¶ 1     After defendant, Movses Mikaelyan, used his employer's business debit card for unauthorized purposes, he was charged with and later convicted of the unauthorized use of a financial transaction device and theft.

¶ 2     On appeal, he contends that the trial court erred by, among other things, denying his motion for a new trial without appointing him a lawyer or ensuring that he had validly waived his right to counsel. We agree that the record does not demonstrate that Mikaelyan validly waived his right to counsel at that stage of the proceedings. We therefore reverse the judgment and remand for a new hearing on the motion. Because on remand, the court could grant the motion and order a new trial, we decline to address Mikaelyan's other contentions of error.[1]

## I.     Motion for New Trial

### A.     Relevant Facts

¶ 3     Shortly after the jury returned its guilty verdicts, Mikaelyan's lawyer withdrew from the case. About a week later, Mikaelyan filed

---

[1] With respect to Mikaelyan's claim that the court erred by not holding a restitution hearing, we note that the People concede that error.

a pro se motion for a new trial, asserting claims of ineffective assistance of counsel, prosecutorial misconduct, and newly discovered evidence. The court appointed new counsel for Mikaelyan and set a hearing on the pro se motion.

¶ 4    Ten days before the scheduled hearing, new counsel withdrew. Consequently, Mikaelyan appeared without a lawyer at the hearing. At the outset, the court asked Mikaelyan, "[D]o you want to proceed, or do you want to explore getting another attorney appointed to represent you?" Mikaelyan asked if he could "explain what's going on with [his] attorneys," but the court told him to answer its question. Mikaelyan said he "want[ed] to continue with [his] motion." With that, the hearing proceeded. At the conclusion of the hearing, the court denied the motion.

¶ 5    The court later appointed counsel to represent Mikaelyan at sentencing, and, after a hearing, it imposed a sentence of probation.

### B.    Discussion

¶ 6    Mikaelyan contends, and the People concede, that the court could not resolve the motion for a new trial without either appointing counsel to represent Mikaelyan or properly advising him

2

to ensure that he had validly waived his right to counsel. For the reasons explained below, we agree with the parties.

¶ 7 A defendant has a right to counsel at all critical stages of a criminal proceeding. *Key v. People*, 865 P.2d 822, 825 (Colo. 1994). Under our court's case law, as in most jurisdictions, the period for requesting a new trial is considered a critical stage. *People v. Munsey*, 232 P.3d 113, 125 (Colo. App. 2009).

¶ 8 Still, a defendant may waive his right to counsel and elect to proceed pro se. *People v. Lavadie*, 2021 CO 42, ¶ 25 ("[B]efore defendants may proceed pro se, they must first waive their right to counsel."). But the waiver is valid only if it is made voluntarily and, as relevant here, knowingly and intelligently. *Id.* at ¶ 26.

¶ 9 "The trial court has the responsibility of ensuring the validity of a waiver by properly advising the accused." *People v. Arguello*, 772 P.2d 87, 95 (Colo. 1989). The particulars of the advisement may vary depending on the stage at which the defendant chooses to proceed pro se, but, in general, the court must confirm that the defendant understands "what it would mean to proceed without counsel." *Id.* at 96. To make that determination, the court should inquire into the defendant's educational background, his familiarity

3

with the legal system and the rules of evidence and criminal procedure, and his understanding of "the many risks of self-representation." *Id.* We emphasize, however, that the court's advisement need not conform to some inflexible script; the validity of the defendant's waiver does not turn on whether the court checks certain boxes on an advisement form but on whether the totality of the circumstances shows a voluntary, knowing, and intelligent waiver of the right to counsel. *See Lavadie*, ¶ 43.

¶ 10 There is no dispute that the court failed to conduct any inquiry or give Mikaelyan any advisement concerning his right of self-representation. Accordingly, on our de novo review, *see People v. Gemelli*, 2023 COA 119, ¶ 16 (court reviews de novo the legal question of whether the facts established a valid waiver), we agree with the parties that the record does not show that Mikaelyan validly waived his right to counsel at a critical stage of the criminal proceedings. As a result, we must reverse the judgment and remand the case for further proceedings related to the new trial motion, during which Mikaelyan must be appointed counsel or must validly waive his right to counsel.

## II. Disposition

¶ 11 The judgment is reversed, and the case is remanded for further proceedings on the new trial motion.

JUDGE GROVE and JUDGE PAWAR concur.